IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ALBERT SANCHEZ | § | |
| | § | |
| Plaintiffs, | § | Cause No. 4:15-CV-15 |
| | § | |
| | § | |
| SWIFT TRANSPORTATION COMPANY | § | |
| OF ARIZONA LLC, et al | § | |
| | § | |
| Defendants, | § | |

**DEFENDANTS' OPPOSED MOTION TO STRIKE AND EXCLUDE
JACQUELINE VALENCIA, CAROLINA VALENCIA, AND VIOLA G. LOPEZ
PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 37(c)**

Defendants', Swift Transportation Company of Arizona, LLC and Zackary Taylar Brooks now file this, their Opposed Motion to Strike and Exclude Plaintiffs' Vocational Experts, Jacqueline Valencia, Carolina Valencia and Viola G. Lopez, Pursuant to Federal Rules of Civil Procedure 37(c).

**I. STATEMENT OF ARGUMENT**

1. Plaintiffs failed to timely designate their retained, vocational experts, Jacqueline Valencia, Carolina Valencia and Viola G. Lopez (hereinafter collectively referred to as "Lopez-Kramberg"). The expert reports issued by Lopez-Kramberg regarding the Plaintiffs, Albert Sanchez ("Sanchez") and Samantha Phillips ("Phillips"), are devoid of any expert opinions much less have any basis and reasons for the absent opinions. Plaintiffs' failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B) ("Rule 26(a)(2)(B)") warrant for this Court to strike Lopez-Kramberg as Plaintiffs' designated experts and exclude Lopez-Kramberg from testifying at trial pursuant to Federal Rule of Civil Procedure 37(c) ("Rule 37(c)").

## II. RELEVANT BACKGROUND

2.     On December 15, 2015, Plaintiffs designated Viola G. Lopez, of Lopez-Kramberg, who is a vocational counselor to proffer vocational opinions. *See* ECF Doc. No. 62, Pgs. 3. Plaintiffs' expert designation of Lopez-Kramberg included expert reports for Phillips (Doc. No. 62-8, Pgs. 1-4), and for Sanchez (Doc. No. 62-11, Pgs. 25-28). Plaintiffs subsequently filed and served an amended expert designation on November 11, 2016, which contained the same designation language, but supplemented Jacqueline Valencia and Carolina Valencia as additional vocational experts who are also affiliated with Lopez-Kramberg. *See* ECF Doc. No. 145, Pgs. 3. Plaintiffs amended designation dated November 11, 2016 did not supplement additional expert reports from Lopez-Kramberg. *See Id.*, *generally.* The only expert reports Plaintiffs have disclosed for Lopez-Kramberg are the 2 expert reports which Plaintiffs disclosed through their expert designation from December 15, 2015.[1]

## III. LEGAL STANDARD

3.     Federal Rule of Civil Procedure 26(a)(2)(B)(i) ("Rule 26(a)(2)(B)") requires Plaintiffs to disclose all of the expert opinions from Lopez-Kramberg including the basis for their expert opinions. FED. R. CIV. P. 26(a)(2)(B)(i). Rule 26(a)(2)(B)(ii) also requires Plaintiffs to disclose "the facts or data considered by the witness in forming [the opinions][.]" FED. R. CIV. P. 26(a)(2)(B)(ii). The Fifth Circuit requires expert reports to be "detailed and complete" when submitted under Rule 26(a)(2)(B) to "avoid the disclosure of sketchy and vague expert information." *See Broxterman v. State Farm Lloyds*, No. 4:14-CV-661, 2015 U.S. Dist. LEXIS 179326 *4-*5 (E.D. Tex. October 19, 2015) (*citing Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996)). Expert reports are

---

[1] Plaintiffs' initial expert designation deadline was December 15, 2015 pursuant to the Parties' Amended Proposed Scheduling Order. *See* ECF Doc. No. 57, ¶ 5. This initial proposed scheduling order was not entered or signed by the Court; however, the parties followed the expert designation deadlines contained by the proposed scheduling order. The Court subsequently signed and entered the current scheduling order on December 22, 2016 which contained an expert designation deadline for Plaintiffs of January 3, 2017. *See* ECF Doc. No. 162, ¶ 2. ECF Documents Numbers 57 and 162 are the only scheduling orders which the parties have jointly filed and presented to the Court.

insufficient under Rule 26(a)(2)(B) which do not disclose the basis and the stated reasons for the expert's opinions, or that refer to the basis for the expert's opinions in "vague terms." *See Id.* (*citing Sierra Club,* 73 F.3d at 571. "'To satisfy Federal Rule of Civil Procedure 26(a)(2)(B), the report must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness has reached them.'" *See Id.* (*citing Hilt v. SFC Inc.*, 170 F.R.D. 182, 185 (D. Kan. 1997)). The underlying rational for this requirement is twofold: *1.* to allow parties to prepare to effectively cross-exam expert witnesses, and *2.* if necessary, to allow parties to make arrangements for additional expert witnesses. *See Id.*

4.  "Under Rule 37(c), '[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or harmless.'" *See Id.* (*citing Torres v. City of San Antonio*, No. SA:14-CV-555-DAE, 2014 U.S. Dist. LEXIS 176575, 2014 WL 7339122 at *1 (W.D. Tex. Dec. 23, 2014)). "The 'sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" *Id.* (*citing Torres*, 2014 U.S. Dist. LEXIS 176575, 2014 WL 7339122 at *1.) "'The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'" *See Id.* (*citing Torres*, 2014 U.S. Dist. LEXIS 176575, 2014 WL 7339122 at *1.)

### IV. LOPEZ-KRAMBERG'S EXPERT REPORTS ARE DEVOID OF ANY EXPERT OPINIONS

5.  The expert reports issued by Lopez-Kramberg for Sanchez and Phillips do not proffer any expert opinions, whatsoever. *See generally* Doc. No. 62-8, Pgs. 1-4; *see also* Doc. No. 62-11, Pgs. 25-28. These reports contain a factual narrative regarding background/educational information, medical information, information provided by Sanchez and Phillips to Lopez-Kramberg, and a brief factual

summary, but nowhere within these reports does Lopez-Kramberg issue any expert opinions as required by Rule 26(a)(2)(B)(i). FED. R. CIV. P. 26(a)(2)(B)(i). *Id.* Since the reports do not contain any expert opinions, the reports also do not contain the basis of the opinions, and the facts or data considered by the witness in forming the absent opinions as required by Rule 26(a)(2)(B)(ii). FED. R. CIV. P. 26(a)(2)(B)(ii). These reports also state on 3 separate occasions that "[a]n appointment for vocational testing is pending" which indicates that Lopez-Kramberg was not prepared to issue expert opinions at the time these reports were prepared and issued. *See* Doc. No. 62-8, Pgs. 1, 3, 4; *see also* Doc. No. 62-11, Pgs. 25, 27, 28.

6. Both reports also state on the last page that Lopez-Kramberg would issue supplemental reports once updated medical information was received and vocational testing was complete. *See* Doc. No. 62-8, Pg. 4; *see also* Doc. No. 62-11, Pg. 28. To date, Sanchez and Phillips never issued supplemental reports from Lopez-Kramberg.

7. The lack of any expert opinions within the expert reports issued by Lopez-Kramberg warrants for this Court to strike Plaintiffs' expert designation of Lopez-Kramberg, and to exclude any testimony at trial by Jacqueline Valencia, Carolina Valencia and Viola G. Lopez pursuant to Rule 37(c). FED. R. CIV. P. 37(c); *see also Sierra Club,* 73 F.3d at 573 (Finding district court did not abuse discretion by striking experts whose expert reports failed to satisfy requirements of Rule 26(a)(2)(B)).

## V. CERTIFICATE OF CONFERENCE

8. Counsel for Swift has conferred with counsel for the Plaintiffs, Mr. Wade Reese, regarding the merits of the instant motion. Counsel for Plaintiffs has communicated his opposition to the motion.

## VI. PRAYER

Accordingly, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and ZACKARY TAYLAR BROOKS, pray this Court grant this Motion to Strike Lopez-Kramberg and Exclude

Jacqueline Valencia, Carolina Valencia and Viola G. Lopez from testifying at trial, and for any just relief they are entitled under law and equity.

        Respectfully submitted,

        RINCON LAW GROUP, P.C.
        1014 N. Mesa, Suite 200
        El Paso, Texas  79902
        (915) 532-6800 (Telephone)
        (915) 532-6808 (Facsimile)

        By: /s/ *Sergio E. Chavez*
        CARLOS RINCON,
        TX State Bar No. 16932700
        CRincon@rinconlawgroup.com
        SERGIO E. CHAVEZ
        TX State Bar No.
        SChavez@rinconlawgroup.com

        Attorneys for Swift Transportation Co. of Arizona, LLC

        Respectfully submitted,

        JIM DARNELL, P.C.
        310 N. Mesa, Suite
        El Paso, Texas 79901
        Office: (915) 532-2442
        Facsimile: (915) 532-4549

        By: /s/ *Jim Darnell*
        Jim Darnell
        Texas State Bar No.: 05391250
        New Mexico Bar No.: 148187

        Attorney for Zackary Taylar Brooks

## **CERTIFICATE OF SERVICE**

   I certify a true and correct copy of the foregoing document was served on the parties through their counsel of record, as follows, on this 3rd day of March of 2017 through the ECF Electronic Filing System:

                                          /s/ *Sergio E. Chavez*
                                          SERGIO E. CHAVEZ