IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ALBERT SANCHEZ, et al | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | Cause No. 4:15-CV-15 |
| SWIFT TRANSPORTATION COMPANY | § | |
| OF ARIZONA LLC, et al | § | |
| | § | |
| Defendants, | § | |

**DEFENDANTS' OPPOSED MOTION TO STRIKE AND EXCLUDE
THREE NEW SUPPLEMENTAL EXPERT REPORTS ISSUED BY JACQUELINE VALENCIA, CAROLINA
VALENCIA, AND VIOLA G. LOPEZ PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 37(c)**

Defendants', Swift Transportation Company of Arizona, LLC and Zackary Taylar Brooks
(hereinafter collectively referred to as the "Swift-Defendants") now file this, their Opposed Motion to
Strike and Exclude Three New Supplemental Reports Issued by Plaintiffs' Vocational Experts,
Jacqueline Valencia, Carolina Valencia and Viola G. Lopez, Pursuant to Federal Rules of Civil
Procedure 37(c).

**I. STATEMENT OF ARGUMENT**

1.     Plaintiffs recently served the Swift-Defendants with 3 new expert reports (the "Supplemental
Reports") from Plaintiffs' vocational expert, Jacqueline Valencia ("Valencia"). Valencia is associated
with the consulting firm of Lopez-Kramberg, Inc. ("Lopez-Kramberg"). These 3 new expert reports
from Valencia merit to be struck on the grounds that they were served more than 90 days after
Plaintiffs' expert designation deadline expired, and 60 days after the Swift-Defendants' expert
designation deadline expired[1]. Since Valencia's 3 new expert reports are significantly untimely, and

---

[1] Two of the three Supplemental Reports were served more than 90 days after the Plaintiffs' expert designation deadline
expired, and more than 60 days after the Swift-Defendants' expert designation deadline expired. *See* ¶¶ 13, 14, *supra.*

were not served in compliance with the Court's scheduling order deadline for Plaintiffs to designate their expert witnesses, this Court merits striking the Supplemental Reports, and also merits ordering that Lopez-Kramberg is excluded from testifying at trial pursuant to Federal Rule of Civil Procedure 37(c).

2.      Plaintiffs issued and served the Supplemental Reports after the Swift-Defendants had previously filed on March 3, 2017 a Motion to Strike[2] Lopez-Kramberg. The Swift-Defendants' previous Motion to Strike Lopez-Kramberg was based on Plaintiffs' failure to timely disclose expert opinions from Lopez-Kramberg in compliance with Federal Rule of Civil Procedure 26(a)(2)(B) ("Rule 26(a)(2)(B)"). The previous expert reports[3] issued from Lopez-Kramberg are devoid of any expert opinions which caused the Swift-Defendants to file their prior Motion to Strike[4] Lopez-Kramberg as Plaintiffs' retained experts, and for the exclusion of their testimony at trial pursuant to Federal Rule of Civil Procedure 37(c) ("Rule 37(c)").

3.      Following the Swift-Defendants' filing of their prior Motion to Strike Lopez-Kramberg, Plaintiffs then served the Swift-Defendants with the Supplement Reports. The Swift-Defendants now file the instant motion to strike the Supplemental Reports on the grounds that the Supplemental Reports are untimely because Plaintiffs' expert designation deadline expired on January 3, 2017. *See* ECF Doc. No. 162, ¶ 2. Additionally, the Swift-Defendants would be prejudiced if the Court allows Lopez-Kramberg to testify at trial based on the vocational opinions contained by the Supplemental Reports because the Swift-Defendants can no longer respond by designating their own vocational expert (or any

---

[2] The Swift-Defendants filed their Opposed Motion to Strike and Exclude Jacqueline Valencia, Carolina Valencia, and Viola G. Lopez Pursuant to Federal Rule of Civil Procedure 37(c) on March 3, 2017. *See* ECF Doc. No. 190.

[3] Plaintiffs' expert designation dated December 15, 2015 of Lopez-Kramberg included expert reports for Plaintiff, Samantha Phillips (*see* ECF Doc. No. 62-8, Pgs. 1-4), and for Plaintiff, Albert Sanchez (*see* ECF Doc. No. 62-11, Pgs. 25-28).

[4] *See* Swift-Defendants' Motion to Strike and Exclude Jacqueline Valencia, Carolina Valencia, and Viola G. Lopez Pursuant to Federal Rule of Civil Procedure 37(c) filed on March 3, 2017. *See* ECF Doc. No. 190.

other expert necessary to respond to the Supplemental Reports) as the Swift-Defendants' expert designation deadline expired on February 3, 2017. *Id.* at ¶ 3.

4.      For these reasons, the Swift-Defendants move this Court to strike Lopez-Kramberg as Plaintiffs' designated expert witnesses, to strike the Supplemental Reports, and exclude Lopez-Kramberg from testifying at trial pursuant to Rule 37(c).

## II. RELEVANT BACKGROUND

5.      On December 15, 2015[5], Plaintiffs initially designated Lopez-Kramberg to proffer vocational opinions. *See* ECF Doc. No. 62, Pgs. 3. Plaintiffs' initial expert designation of Lopez-Kramberg included individual expert reports for Samantha Phillips ("Phillips") (*see* ECF Doc. No. 62-8, Pgs. 1-4), and for Albert Sanchez ("Sanchez") (*see* ECF Doc. No. 62-11, Pgs. 25-28). Plaintiffs subsequently filed and served an amended expert designation on November 11, 2016, which contained the same designation language, but supplemented Jacqueline Valencia and Carolina Valencia as additional vocational experts who are also affiliated with Lopez-Kramberg. *See* ECF Doc. No. 145, Pgs. 3. Plaintiffs' amended designation dated November 11, 2016 did not supplement additional expert reports from Lopez-Kramberg. *See Id.*, *generally.*

6.      Plaintiffs' expert designation deadline expired on January 3, 2017. *See* ECF Doc. No. 162, ¶2.

7.      The Court entered an order on March 6, 2017 staying the trial setting of April 24, 2017, and the final pre-trial conference of March 21, 2017 pending the outcome of the parties' mediation. *See*

---

[5] Plaintiffs' initial expert designation deadline was December 15, 2015 pursuant to the Parties' Amended Proposed Scheduling Order. *See* ECF Doc. No. 57, ¶ 5. The parties' initial proposed scheduling order was not entered or signed by the Court; however, the parties followed the expert designation deadlines contained by the proposed scheduling order. The Court subsequently signed and entered a subsequent scheduling order on December 22, 2016 which contained an expert designation deadline for Plaintiffs of January 3, 2017. *See* ECF Doc. No. 162, ¶ 2. The Court thereafter on March 6, 2017 entered an order staying the trial setting of April 24, 2017, and the final pre-trial conference of March 21, 2017 pending the outcome of the parties' mediation. *See* ECF Doc. No. 194. Since mediation was not successful, the Court entered its Amended Scheduling Order on April 3, 2017 setting the trial setting for July 31, 2017, and the final pre-trial conference for July 12, 2017. *See* ECF Doc. No. 202.

ECF Doc. No. 194. Since mediation was not successful, the Court entered its Amended Scheduling Order on April 3, 2017 setting the trial setting for July 31, 2017, and the final pre-trial conference for July 12, 2017. *See* ECF Doc. No. 202. The Court's Amended Scheduling Order does not allow for new expert designation deadlines as those deadlines had already expired pursuant to the Court's prior scheduling order. *See* ECF Doc. No. 162, ¶¶ 2, 3.

8.      Plaintiffs served the Supplemental Reports to the Swift-Defendants on Tuesday, April 4, 2017 (*see* Ex. A, Elect. Corr. dated April 4, 2017; *see also* Ex. B, Supp. Rpt. dated March 31, 2017), and on Monday, April 10, 2017 (*see* Ex. C, Corr. dated April 10, 2017; *see also* Ex. D, Supp. Rpt. dated April 10, 2017; Ex. E, Supp. Rpt. dated April 10, 2017). Of the 3 expert reports which compromise the Supplemental Reports, 2 of the expert reports relate to Phillips. The first supplemental report related to Phillips (the "First Supp. Phillips Report") is dated March 31, 2017, and was served to the Swift-Defendants on April 4, 2017. *See* Ex. A, Elect. Corr. dated April 4, 2017; *see also* Ex. B, Supp. Rpt. dated March 31, 2017. The second supplemental report related to Phillips (the "Second Supp. Phillips Report") is dated April 10, 2017, and was served to the Swift-Defendants on April 10, 2017. *See* Ex. C, Corr. dated April 10, 2017; *see also* Ex. D, Supp. Rpt. dated April 10, 2017. The third supplemental expert report is dated April 10, 2017, and is related to Sanchez (the "Sanchez Supp. Report") which was served to the Swift-Defendants on April 10, 2017. *See* Ex. C, Corr. dated April 10, 2017; *see also* Ex. E, Supp. Rpt. dated April 10, 2017.[6]

### III. LEGAL STANDARD

9.      Federal Rule of Civil Procedure 26(a)(2)(B)(i) ("Rule 26(a)(2)(B)") requires Plaintiffs to disclose all of the expert opinions from Lopez-Kramberg including the basis for their expert opinions.

---

[6] These 3 new expert reports from Lopez-Kramberg are collectively referred to as the "Supplemental Reports" as noted in paragraph 1 of the instant motion.

FED. R. CIV. P. 26(a)(2)(B)(i). A party is required to timely disclose expert opinions at the time and sequence that the Court orders. FED. R. CIV. P. 26(a)(2)(D).

10.      Rule 26(a)(2)(B)(ii) also requires Plaintiffs to disclose "the facts or data considered by the witness in forming [the opinions][.]" FED. R. CIV. P. 26(a)(2)(B)(ii). The Fifth Circuit requires expert reports to be "detailed and complete" when submitted under Rule 26(a)(2)(B) to "avoid the disclosure of sketchy and vague expert information." *See Broxterman v. State Farm Lloyds*, No. 4:14-CV-661, 2015 U.S. Dist. LEXIS 179326 *4-*5 (E.D. Tex. October 19, 2015) (*citing Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996)). Expert reports are insufficient under Rule 26(a)(2)(B) which do not disclose the basis and the stated reasons for the expert's opinions, or that refer to the basis for the expert's opinions in "vague terms." *See Id.* (*citing Sierra Club,* 73 F.3d at 571). "'To satisfy Federal Rule of Civil Procedure 26(a)(2)(B), the report must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness has reached them.'" *See Id.* (*citing Hilt v. SFC Inc.*, 170 F.R.D. 182, 185 (D. Kan. 1997)). The underlying rational for this requirement is twofold: *1.* to allow parties to prepare to effectively cross-exam expert witnesses, and *2.* if necessary, to allow parties to make arrangements for additional expert witnesses. *See Id.*

11.      "Under Rule 37(c), '[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or harmless.'" *See Id.* (*citing Torres v. City of San Antonio*, No. SA:14-CV-555-DAE, 2014 U.S. Dist. LEXIS 176575, 2014 WL 7339122 at *1 (W.D. Tex. Dec. 23, 2014)); *see also* FED. R. CIV. P. 37(c). "The 'sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" *Id.* (*citing Torres*, 2014 U.S. Dist. LEXIS 176575, 2014 WL

7339122 at *1.) "'The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'" *See Id.* (*citing Torres*, 2014 U.S. Dist. LEXIS 176575, 2014 WL 7339122 at *1.)

12.     Parties are also required to comply with Federal Rule of Civil Procedure 16(b)(4) in order to obtain a modification of a scheduling order but only if good cause is satisfied and with the Court's consent. FED. R. CIV. P. 16(b)(4).

### IV. THE SUPPLEMENTAL REPORTS ARE UNTIMELY AND THE SWIFT-DEFENDANTS WILL BE PREJUDICED IF PLAINTIFFS ARE ALLOWED TO RELY ON THE SUPPLEMENTAL REPORTS

13.     Plaintiffs served the First Supp. Phillips Report issued by Lopez-Kramberg on April 4, 2017 which was 91 days after Plaintiffs' expert designation deadline had previously expired on January 3, 2017. *See* Ex. A; *see also* Ex. B; ECF Doc. No. 162, ¶ 2. The Second Supp. Phillips Report also issued by Lopez-Kramberg was served to the Swift-Defendants on April 10, 2017 which is 97 days after the Plaintiffs' expert designation deadline expired. *See* Ex. C; *see also* Ex. D; ECF Doc. No. 162, ¶ 2. The Sanchez Supp. Report issued by Lopez-Kramberg was served on the Swift-Defendants on April 10, 2017 which was also 97 days after Plaintiffs' expert designation expired. *See* Ex. C; *see also* Ex. E; ECF Doc. No. 162, ¶ 2. The Supplemental Reports merit to be struck because of their untimeliness in accordance with Federal Rule of Civil Procedure 37(c). *See also* FED. R. CIV. P. 37(c).

14.     The Supplemental Reports are also prejudicial to the Swift-Defendants because the Swift-Defendants are not able to respond to the Supplemental Reports by designating their own vocational expert as the Swift-Defendants' expert designation deadline expired on February 3, 2017[7]. *See* ECF Doc. No. 162, ¶ 3. Based on the Swift-Defendants' expert designation deadline of February 3, 2017, the First Supp. Phillips Report was served 60 days after the Swift-Defendants' expert designation deadline

---

[7] The February 3, 2017 deadline did not apply to the supplemental expert report for Dr. Michael Mrochek as noted in paragraph 3 of the Court's prior scheduling order (*see* ECF Doc. No. 162, ¶¶ 3, 5), and by this Court's order dated March 17, 2017 (*see* ECF Doc. No. 197, ¶ 2).

expired. *See* Ex. A; *see also* Ex. B; ECF Doc. No. 162, ¶ 3. The Second Supp. Phillips Report and the Sanchez Supp. Report were served 66 days after the Swift-Defendants' expert designation deadline expired. *See* Ex. C; *see also* Ex. D; Ex. E; ECF Doc. No. 162, ¶ 3. The Swift-Defendants would be required to also designate a forensic economist[8] since vocational experts and forensic economists generally work together in these matters. The Swift-Defendants would be left to defend against the purported opinions and testimony of Lopez-Kramberg without the benefit of being able to respond with their own vocational and economic expert opinions which establishes the prejudice imposed upon the Swift-Defendants in the event the Court does not strike the Supplemental Reports.

15.     Additionally, Valencia has relied on medical opinions recently issued by Dennis Gutzman, M.D. which such medical opinions were not timely supplemented by the Plaintiffs prior to the expiration of the Plaintiffs' expert designation deadline of January 3, 2017[9]. Rules 26(a)(2)(B)(i)-(ii) required Plaintiffs to timely disclose Dr. Gutzman's new medical opinions in accordance with the Plaintiffs' January 3, 2017 expert designation deadline because Valencia relied and based her vocational opinions contained by the Supplemental Reports on Dr. Gutzman's new medical opinions. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

16.     Specifically, Valencia relied on Dr. Gutzman's medical opinions related to the physical limitations which Dr. Gutzman issued for Phillips on March 20, 2017. *See* Ex. B, Pg. 2; *see also* Ex. D, Pgs. 1-2. Valencia quoted Dr. Gutzman's physical restrictions which he imposed upon Phillips on page 2 of the First Supp. Phillips report, and Valencia expressly relied on Dr. Gutzman's physical

---

[8] The Swift-Defendants had previously filed their Motion to Strike and Exclude Everett G. Dillman, Ph.D. who is Plaintiffs' retained economist. *See generally* ECF Doc. No. 188. The Swift-Defendants' Motion to Strike and Exclude Everett G. Dillman, Ph.D. is partly based on Plaintiffs' failure to support Dr. Dillman's economic calculations with vocational opinions. *See Id.* at ¶ 16. At the time the Swift-Defendants filed their Motion to Strike Everett G. Dillman, Plaintiffs had not yet served the Supplemental Reports. Since the Supplemental Reports merit to be struck as established in the instant motion, this Court is also warranted in granting the Swift-Defendants' Motion to Strike and Exclude Everett G. Dillman, Ph.D.

[9] *See* ECF Doc. No. 162, ¶ 2.

restrictions to formulate her own vocational opinions as demonstrated on page 4 of the First Supp. Phillips Report. *See* Ex. B, Pgs. 2-4. Valencia similarly relied on the same medical opinions from Dr. Gutzman in the Second Supp. Phillips Report to formulate her vocational opinions. *See* Ex. D, Pgs. 1-2.

17.    Dr. Gutzman's medical record dated March 20, 2017 which contains Phillip's physical restrictions was supplemented to the Swift-Defendants by the Plaintiffs for the first time on April 10, 2017 which was 97 days after Plaintiffs' expert designation deadline had previously expired. *See* Ex. C; *see also* Ex. F, Plaintiffs' Supp. Disc. dated April 10, 2017[10]; ECF Doc. No. 162, ¶ 2. The Swift-Defendants learned of Dr. Gutzman's new medical opinions related to the physical restrictions he imposed on Phillips upon receipt of the First Supp. Phillips Report on April 4, 2017 which as 91 days after Plaintiffs' expert designation expired. *See* Ex. A; *see also* Ex. B; ECF Doc. No. 162, ¶ 2.

18.    The same problems exist with the Sanchez Supp. Report. Valencia relied on the newly issued medical opinions from Dr. Gutzman in which he imposed physical restrictions upon Sanchez. *See* Ex. E, Pgs. 1-2. Valencia relied on Dr. Gutzman's medical opinions restricting Sanchez's physical activities to formulate her vocational opinions as demonstrated by pages 3-4 of the Sanchez Supp. Report. *Id.* at Pgs. 3-4. Dr. Gutzman's opinions issuing restrictions on Sanchez's physical activities originated during a follow-up office visit Sanchez had with Dr. Gutzman on April 7, 2017. *See* Ex. E, Pg. 1. Valencia directly quoted from Dr. Gutzman's medical records from the April 7, 2017 office visit on pages 1-2 of the Sanchez Supp. Report, and she also formulated her own vocational opinions based upon on Dr. Gutzman's new medical opinions as shown on pages 3-4 of the Sanchez Supp. Report. *See* Ex. E, Pgs. 1-4. Dr. Gutzman's new medical opinions regarding the physical restrictions he imposed on Sanchez are untimely since the Swift-Defendants learned of Dr. Gutzman's opinions for the first time upon receiving the Sanchez Supp. Report on April 10, 2017 which was 97 days after the expiration of

---

[10] The March 20, 2017 medical record from Dr. Gutzman which is part of Exhibit F has been filed under seal. Plaintiffs attached the March 20, 2017 medical record to Valencia's Second Supp. Phillips Report.

Plaintiffs' expert designation deadline. *See* Ex. C; *see also* Ex. E; ECF Doc. No. 162, ¶ 2. As of the filing of the instant motion, Plaintiffs have not provided to the Swift-Defendants the purported medical records from Dr. Gutzman's April 7, 2017 office visit with Sanchez.

19.     The newly issued medical opinions from Dr. Gutzman in which he imposes restrictions on the physical activities of both Phillips and Sanchez are highly prejudicial to the Swift-Defendants because Dr. Gutzman's new medical opinions were not timely served before the expiration of the Plaintiffs' expert designation deadline of January 3, 2017 as required by Rules 26(a)(2)(B)(i)-(ii)[11]. The Swift-Defendants first learned of Dr. Gutzman's new medical opinions issued for Phillips through the First Supp. Phillips Report on April 4, 2017 which was 91 days after the Plaintiffs' expert designation deadline had expired. *See* Ex. A; *see also* Ex. B; ECF Doc. No. 162, ¶ 2. The Swift-Defendants learned for the first time of Dr. Gutzman's new medical opinions issued for Sanchez through the Sanchez Supp. Report on April 10, 2017 which was served 97 days after the Plaintiffs' expert designation deadline had expired. *See* Ex. C; *see also* Ex. E; ECF Doc. No. 162, ¶ 2.

20.     The lateness of Phillips's and Sanchez's decision to seek further medical treatment with Dr. Gutzman at a point in time after the Swift-Defendants are no longer able to have their own medical experts (such as Michael Mrochek, M.D.[12] (physiatrist) and Joel Jenne, M.D.[13] (orthopaedic specialist)) evaluate and respond to Dr. Gutzman's recent medical orders effectively forces the Swift-Defendants to subsequently prepare and file a motion to strike Dr. Gutzman's new medical opinions regarding the physical restrictions he imposed on Phillips and Sanchez based on the untimeliness of those medical

---

[11] Paragraph 5 of the Court's prior scheduling order allowed the parties to continue with expert discovery, and the supplementation of medical records, imaging reports, and/or medical materials, but paragraph number 5 did not extend the parties' respective deadlines for designation of retained experts under paragraphs 2 and 3 of the scheduling order. *See* ECF Doc. No. 162, ¶ 5. Federal Rules of Civil Procedure 26(a)(2)(B)(i)-(ii) require for the facts or data upon which Valencia (who is a retained expert under the control and employment of the Plaintiffs) based her expert opinions to also be timely disclosed.

[12] Dr. Michael Mrochek is the Swift-Defendants' retained physiatrist. *See* ECF Doc. No. 76, Pg. 3.

[13] Dr. Joel Jenne is the Swift-Defendants' retained orthopaedic spine specialist. *See* ECF Doc. No. 169, Pg. 4.

opinions. Consequently, the Supplemental Reports warrant to be struck by this Court not only because the Supplemental Reports are untimely, but also because Dr. Gutzman's medical opinions regarding the physical restrictions imposed upon Phillips and Sanchez —which Valencia relied upon and based her own vocational opinions— were also not timely disclosed by the Plaintiffs as required by Rules 26(a)(2)(B)(i)-(ii) prior to the expiration of Plaintiffs' expert designation deadline of January 3, 2017[14].

## V. OBJECTION BASED ON FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4)

21.     The Swift-Defendants assert their objection to the untimeliness of the Supplemental Reports, and to Dr. Gutzman's new medical opinions analyzed in paragraphs 15-18, *see supra,* on the grounds the Plaintiffs failed to satisfy the procedural requirements of Federal Rule of Civil Procedure 16(b)(4) ("Rule 16(b)(4)"). Plaintiffs wholly failed to satisfy the provisions of Rule 16(b)(4) prior to serving the Supplemental Reports and prior to serving Dr. Gutzman's new medical opinions which further warrants for this Court to strike the Supplemental Reports and exclude the testimony of Lopez-Kramberg at trial.

## VI. CERTIFICATE OF CONFERENCE

22.     Counsel for Swift has conferred with counsel for the Plaintiffs, Mr. Wade Reese, regarding the merits of the instant motion. Counsel for Plaintiffs has communicated his opposition to the instant motion.

## VII. PRAYER

Accordingly, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and ZACKARY TAYLAR BROOKS, pray this Court grant this Motion to Strike the Supplemental Reports and Exclude Jacqueline Valencia, Carolina Valencia and Viola G. Lopez (Lopez-Kramberg) from testifying at trial, and for any other relief they are entitled under law and equity.

---

[14] *See* ECF Doc. No. 162, ¶ 2.

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 N. Mesa, Suite 200
El Paso, Texas  79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By:  /s/ *Sergio E. Chavez*
CARLOS RINCON,
TX State Bar No. 16932700
CRincon@rinconlawgroup.com
SERGIO E. CHAVEZ
TX State Bar No.
SChavez@rinconlawgroup.com

Attorneys for Swift Transportation Co.
of Arizona, LLC

-and-

Respectfully submitted,

JIM DARNELL, P.C.
310 N. Mesa, Suite
El Paso, Texas 79901
Office: (915) 532-2442
Facsimile: (915) 532-4549

By: /s/ *Jim Darnell*
Jim Darnell
Texas State Bar No.: 05391250
New Mexico Bar No.: 148187

Attorney for Zackary Taylar Brooks

## CERTIFICATE OF SERVICE

 I certify a true and correct copy of the foregoing document was served on the parties through their counsel of record, as follows, on this the 21st day of April of 2017 through the ECF Electronic Filing System:

/s/ *Sergio E. Chavez*
SERGIO E. CHAVEZ