FILED
JUN 29 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

ALBERT SANCHEZ, ET AL.                                      PLAINTIFFS

v.                                                          CAUSE NO. 4:15CV15-LG

SWIFT TRANSPORTATION COMPANY
OF ARIZONA, LLC, ET AL.                                     DEFENDANTS

## ORDER GRANTING MOTIONS TO STRIKE AND EXCLUDE PLAINTIFFS' VOCATIONAL EXPERT EVIDENCE

BEFORE THE COURT are the [190] Opposed Motion to Strike and Exclude Jacqueline Valencia, Carolina Valencia, and Viola G. Lopez (Def. Mot. 1), and the [219] Opposed Motion to Strike and Exclude Three New Supplemental Expert Reports Issued by Jacqueline Valencia, Carolina Valencia, and Viola G. Lopez (Def. Mot. 2). Both Motions were filed by the defendants and have been fully briefed by the parties. The Motions are considered together because they concern the same series of events and present similar legal issues. After due consideration, the Court finds that the expert reports should be stricken and opinion testimony of the three named experts should be disallowed.

### ANALYSIS

The defendants move to strike and exclude the reports and opinion testimony of Plaintiffs' designated vocational experts, Jacqueline Valencia, Caroline Valencia and Viola G. Lopez, pursuant to Fed. R. Civ. P. 37(c). Rule 37(c) provides: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R.

Civ. P. 37(c)(1).

Defendants contend that although Plaintiffs timely provided what is purported to be "expert reports" concerning Plaintiffs Sanchez and Phillips from the vocational experts, the reports violated Rule 26(a) because they contained background information but did "not proffer any expert opinions, whatsoever" as required by Rule 26(a)(2)(B)(i). (Def. Mot. 1, at 3, ECF No. 190). At the time of the reports, vocational testing was pending, and the experts wrote that they would supplement their reports once updated medical information was received and vocational testing was complete. (*See* Pl. Design. of Experts Ex. H, at 1, 4, ECF No. 62-8; Ex. I, at 1, 4, ECF No. 62-9). The initial reports contain only medical and vocation background information for Phillips and Sanchez. (*Id.*).

When the defendants filed this Motion, two months after the plaintiffs' January 3, 2017, designation deadline had passed, there had been no supplementation. However, approximately one month after defendants' Motion, the reports were "supplemented" to include expert vocational opinions. (*See* Pl. Resp. Ex. A, B, & C, ECF Nos. 203-1, 203-2, & 203-3). Thus, the plaintiffs were three months late in fully complying with Rule 26. The defendants also object to introduction of the three "supplemental" reports, requesting that the reports be stricken for untimeliness. (Def. Mot 2, ECF No. 219).

Rule 26(a)(2)(B) requires that expert reports must contain the following: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them";

(3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications ..."; (5) a list of cases in which the expert testified during the previous four years; and (6) a statement of the compensation received by the expert for his study and testimony. Fed. R. Civ. P. 26(a)(2)(B). The Court has carefully reviewed the initial "reports" of these vocational experts and there is no question that the initial vocational expert reports tendered by the plaintiffs fail to meet the criteria of Rule 26(a). The "supplemental" reports are little more than untimely expert reports and opinions in the guise of supplemental reports. "The purpose of supplementary disclosures is just that – to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998). Plaintiffs cannot fulfill their disclosure obligations by providing sketchy, vague or incomplete reports with no expert opinions. And providing untimely experts reports labeled as "supplemental" is insufficient. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F. 3d 546 (5th Cir. 1996)(affirming a decision to exclude an expert report where the initial report was merely an outline, although the report was "supplemented" after the deadline); *See also Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 F. App'x 31 (5th Cir. 2012)

"[U]nder Rule 37(c), the presumptive sanction for failing to . . . supply a required expert report or summary disclosures is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless." *Honey-Love v.*

*United States*, 664 F. App'x 358, 362 (5th Cir. 2016). "The burden is on the party facing sanctions to prove that its failure to comply with Rule 26(a) was 'substantially justified or harmless.'" *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)); *see also R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271-72 (6th Cir. 2010). The Court's decision on this issue is subject to an abuse of discretion standard. *See Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

"In evaluating whether a violation of rule 26 is harmless," district courts "look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Found.*, 338 F.3d at 402.

1) The Importance of the Evidence

Plaintiffs do not directly address this factor. It is nevertheless apparent that the wholesale exclusion of vocational expert evidence sought by Defendants would deprive Plaintiffs of any opportunity to prove economic damages. Accordingly, this factor weighs in favor of Plaintiffs, as the opinion evidence that can only be presented through the vocational experts is important to Plaintiffs' case.

2) Prejudice to Defendants

The prejudice alleged by Defendants is their inability to counter the opinions of Plaintiffs' vocational experts with their own vocational expert. Defendants contend that with timely notice of the Plaintiffs' expert vocational opinions, they could have designated their own vocational expert to counter them. Because Defendants' expert designation deadline had passed by the time Plaintiffs provided them with complete expert reports containing opinions, Defendants had lost the opportunity. This factor weighs in favor of the defendants.

3) The Reason for the Delay

Plaintiffs state that the delay in supplementation of the report for Phillips was necessary because Phillips had only recently been given more permanent post-surgery restrictions. (Pl. Resp. 3-4, ECF No. 225). They state that Sanchez, also, "has continual recommendations from his treating physicians," and that they promptly supplied this information to the vocational experts. (*Id.*, at 4). Although this might explain why supplementation would have been necessary, it does not explain why the vocational experts did not provide initial opinions about the Plaintiffs in a timely manner. The plaintiffs were two and a half years post-accident by the time of their expert designation deadline. Regardless of whether medical treatment was ongoing, the vocational outlook for each Plaintiff could and should have been initially assessed before the expert designation deadline. The Court finds this factor to weigh heavily in favor of the defendants.

4) The Possibility of Cure

This case is scheduled for trial within two months – a date that has been

continued at least four times. In order to cure prejudice to the defendants, another continuance of the trial date would be necessary to allow defendants additional discovery and perhaps to retain a vocational expert and make the expert available for deposition and trial. Given that the case has been ready for trial for some time, it is the Court's opinion that another continuance is not warranted, as that will only result in additional delay and increase the expense of defending the case. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (2004). "As [the Fifth Circuit] has noted, a continuance does not, in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.'" *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)). Accordingly, this factor weighs in favor of the defendants.

CONCLUSION

It is the Court's opinion that Plaintiffs' late production of its expert vocational reports was neither harmless nor substantially justified. The Court will exercise its discretion to exclude the reports and testimony of Plaintiffs' vocational experts. The Motions to exclude any evidence from the three vocational experts will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [190] Opposed Motion to Strike and Exclude Jacqueline Valencia, Carolina Valencia, and Viola G. Lopez; and the [219] Opposed Motion to Strike and Exclude Three New Supplemental Expert Reports Issued by Jacqueline Valencia, Carolina Valencia, and Viola G. Lopez are **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 29th day of June, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE